| iTHIBODEAUX, Judge,
dissenting.
I disagree with the majority’s reliance on Crabtree and with its interpretation of the *587 policy language. The policy provided that “[t]he limit for ‘each person’ is the maximum we will pay for bodily injury sustained by any one person in any one accident and includes all derivative claims.” Bodily injury meant “bodily injury to or sickness, disease or death of any person.” In my view, the contract language defining bodily injury contemplates wrongful death damages. It does not contemplate a traumatic injury to the body only which some would require to be a prerequisite for this type of recovery. Mental anguish damages flowing from a wrongful death cause of action constitute a “bodily injury.”
As I interpret Crabtree, it is not absolutely necessary to have a LeJeune type claim to recover the aggregate limits under the policy at issue. From the ^defendant’s standpoint, the real issue in Crabtree was whether or not the Lejeune claim was derivative. The supreme court did not reach this issue. Instead, it decided that the mental anguish claim in Crabtree was an additional bodily injury under the policy separate and apart from the injury to the person actually involved in the accident. The supreme court said that the claimant’s (Mrs. Crabtree’s) mental injury constituted “bodily injury” within the meaning of the policy. It followed, therefore, under the terms of the policy that “bodily injury to one person” did not encompass the Lejeune claim. The Lejeune claim was not subject to the single person policy limit applicable to the injured party’s claim regardless of whether the mental anguish “resulted from” or “derived from” the bodily injury sustained by the person actually injured in the accident.
Furthermore, in any wrongful death action, there are two causes of action. There is a survival action under La.Civ.Code art. 2315.1 and a wrongful death action under 2315.2. The elements for recovery are distinctly different for each claim. In this instance, for example, each heir has a cause of action which he inherits from the decedent and a wrongful death action for his own mental and emotional injuries. The wrongful death action does not derive or result from a survival action. One exists independently of the other. One may certainly have and recover damages for wrongful death and not be able to maintain or prove a cause of action for survival damages under 2315.1. It all depends on whether there was conscious pain and suffering by the decedent prior to that person’s death.
The exposure of Millers Casualty Insurance should be $20,000.00, not $10,000.00.
For the foregoing reasons, I respectfully dissent.